UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:  Michael J. Poivey and Denise P. Poivey,          Chapter 7

                                      Debtors.          Case No. 17-26408-bhl

## DECISION AND ORDER

This is the latest chapter in a dispute between the chapter 7 trustee and debtors Denise P. and Michael J. Poivey over certain Texas real estate and associated mineral rights (Mineral Rights).   On January 24, 2018, the court rejected the Poiveys' arguments that 11 U.S.C. §541(b)(4) excepted the Mineral Rights altogether from the Poiveys' consolidated bankruptcy estate.   Now, the trustee challenges Michael Poivey's attempt to use 11 U.S.C. §522(d)(5) to exempt portions of the value of the Mineral Rights.   More specifically, the trustee contends that the Mineral Rights are the individual property of Denise Poivey and that Michael Poivey is precluded from exempting both the Mineral Rights themselves and any royalty checks resulting from the Mineral Rights.

On April 18, 2018, the parties presented evidence and argument on the exemption issue. The court took the matter under advisement and now concludes that royalty income derived from the Mineral Rights during the Poiveys' marriage constitutes marital property in which Michael Poivey has a property interest.   Accordingly, Michael Poivey is entitled to exempt his interest in the royalties.   This includes any royalties received after the petition date.   The trustee's objection is overruled.

## FINDINGS OF FACT

The material facts are largely undisputed.   Denise and Michael Poivey were married in Kansas City, Missouri on July 26, 1980.   They later moved to Illinois and, from there, to Wisconsin.   The Poiveys have resided in Fontana, Wisconsin since March of 1990.

In 1975, five years before she married Michael, Denise Poivey (then known as Denise Farren) inherited real estate in Wheeler County, Texas.   The inherited real estate was and is the subject of an oil and gas lease, under which the lessee pays royalties based on the production of oil and natural gas on the property.   The real estate remains solely in Denise Poivey's name; she has not taken any steps to transfer ownership to Michael or to have his name added to the deed.

Denise Poivey has continued to receive monthly royalty checks during her marriage. She testified that she has generally deposited the royalty checks into a joint bank account, owned with her husband, and that the proceeds were used to pay various family expenses, including mortgage payments, living and business expenses, and taxes.

The Poiveys filed a chapter 7 petition as joint debtors on June 28, 2017.   According to a joint submission from the parties, the Poiveys and the trustee have received or deposited $19,912.51 in royalties since June 2017.   All but $5,433.70 of these royalty payments are in the hands of the trustee.

## ANALYSIS

The section 522(d)(5) "wildcard" exemption allows both Michael and Denise to exempt assets with a value of $13,100 from the bankruptcy estate.   They both seek to apply the remaining wildcard exemption toward the Mineral Rights, for a combined exemption of $24,350.

The trustee concedes that Denise Poivey can use section 522(d)(5) to exempt a portion of the value of the Mineral Rights.   But he insists that because Denise Poivey inherited the Mineral Rights before her marriage to Michael and before the couple moved to Wisconsin, the Mineral Rights constitute her individual property.   And because the Mineral Rights are not

marital property, the trustee further argues, Michael Poivey has no interest in them that he can exempt.

The Poiveys acknowledge that the Mineral Rights are Denise Poivey's individual property. But they maintain that all royalty checks related to the Mineral Rights received during the marriage are marital property in which Michael has an interest that he can exempt.

Wisconsin's marital property law is clear that property inherited solely by one spouse is the individual property of the inheriting spouse. *See* Wis. Stat. §766.31(7)(a). Moreover, property acquired by an individual spouse before the "determination date"[1] is also treated as individual property. S*ee* Wis. Stat. §766.31(9). Here, Denise Poivey acquired both the Texas real estate and associated Mineral Rights by inheritance. And, the inheritance took place in 1975 – five years before she married Michael and fifteen years before she moved to Wisconsin. The Texas real estate and Mineral Rights are the individual property of Denise Poivey.

Royalty payments received during the Poiveys' marriage as a result of oil and gas production on the Texas real estate are another matter, however. Even though the Mineral Rights are Denise Poivey's individual property, "income earned or accrued by a spouse or attributable to property of a spouse during the marriage and after the determination date is marital property." Wis. Stat. §766.31(4).[2] Thus, Michael Poivey has an interest in the royalty proceeds because they are marital property.

---

1 The determination date is the last to occur of the following: (1) marriage; (2) January 1, 1986; or (3) the date both spouses establish a domicile in this state. Wis. Stat. §766.01(5).

2 In the most general terms, marital property rights of spouses in personalty are governed by the law of the marital domicile, while property rights of spouses in realty are governed by the law of the situs. *See In re Estate of Knippel*, 7 Wis. 2d 335, 342, 96 N.W.2d 514 (1959); Restatement (Second) of Conflict of Laws §§233-34, 257 (1971). Are the subject royalty payments personalty or realty? In *Tirado v. Tirado*, 357 S.W.2d 468 (Tex. Civ. App. 1962), *writ dismissed* (Oct. 6, 1962), the Texas court concluded that the spouses' interests in the oil and gas should be governed by Texas law, the marital domicile, since the oil and gas, after it was severed from the realty, was personalty. Under Texas law, property a spouse owns before marriage is that spouse's separate property. Tex. Fam. Code Ann. §3.001(1) (West 2017). Unless the parties agree otherwise, when separate property produces income, and that income is acquired by the spouse during marriage, it is community property. Tex. Fam. Code Ann. §3.002 (West 2017); *McClary v. Thompson*, 65 S.W.3d 829, 833-34 (Tex. App. 2002). So, regardless of whether the law of the situs – Texas – or the law of the marital domicile – Wisconsin – is applied, the result is the same. The royalty payments are community property.

At the April 18 hearing, the trustee conceded that the royalty checks are marital property and that, but for the bankruptcy petition, Michael Poivey would have an interest in all royalty proceeds. The trustee insists, however, that it would be unfair to allow Michael Poivey to exempt royalty proceeds received *after the petition date*.

The trustee cites no caselaw to support his position that post-petition proceeds cannot be exempted. Nor is there any provision in the Bankruptcy Code that would compel such a result. To the contrary, section 541(a)(1) provides that a debtor's bankruptcy estate includes "[a]ll legal or equitable interests of the debtor in property as of the commencement of the case." Moreover, the "[p]roceeds, product, offspring, rents or profits of or from property of the estate" are also included in the estate under section 541(a)(6). While section 541(a)(6) excludes post-petition earnings "from services performed by an individual debtor after the commencement of the case," the royalty proceeds are not the result of any services that Denise Poivey performed after she and her husband filed this case. Thus, the royalty checks are both proceeds of property of the estate and property of the estate themselves.

Section 522 allows an individual to exempt property that is property of the estate. Nothing in section 522 suggests any broad temporal limitation on the debtor's ability to exempt property that comes into the estate after the petition date. It would have been quite easy for Congress to have enacted such a limitation if it had so intended. In the absence of such a restriction in the Code, the court will not add one. *Cf. In re Quade*, 482 B.R. 217, 236 (Bankr. N.D. Ill. 2012) (holding royalties collected by judgment creditor after petition date were estate property in which debtor could claim Illinois wildcard exemption).

The trustee points out that had the Texas real estate and Mineral Rights been liquidated in a more timely fashion, fewer royalty checks would have been received, and Michael Poivey would have less value available to exempt. While true, none of these points alters the terms of section 541, governing what is property of the estate, or section 522, allowing Michael Poivey to exempt assets from the estate. Moreover, there is no evidence that the Poiveys have

intentionally delayed matters to increase Michael Poivey's exemption rights. Any delay has simply been the result of following the required procedures for administation of their bankruptcy case, including the resolution of their good faith disputes over the Mineral Rights.

## ORDER

The royalty check proceeds are marital property to which Michael Poivey is entitled to apply his wildcard exemption rights. The trustee's objection is overruled. .

Dated May 11, 2018,

Brett H. Ludwig
United States Bankruptcy Judge